No. 75–481. PENDLETON ET AL. *v.* CALIFORNIA. Appeal from App. Dept., Super. Ct. Cal., County of Orange, dismissed for want of substantial federal question.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Appellants were convicted in the Municipal Court of Orange County of distributing obscene matter in violation of Cal. Penal Code § 311.2 (1970), which provides in pertinent part:

> "(a) Every person who knowingly . . . distributes . . . to others, any obscene matter is guilty of a misdemeanor."

As used in § 311.2,

> " 'Obscene matter' means matter, taken as a whole, the predominant appeal of which to the average person, applying contemporary standards, is to prurient interest, *i. e.*, a shameful or morbid interest in nudity, sex, or excretion; and is matter which taken as a whole goes substantially beyond customary limits of candor in description or representation of such matters; and is matter which taken as a whole is utterly without redeeming social importance." § 311 (a) (Supp. 1975).

On appeal, the Appellate Department of the Superior Court of California for the County of Orange affirmed the convictions.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit

the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 311.2, as it incorporates the definition of "obscene matter" in § 311 (a), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), and since the judgment of the Appellate Department was rendered after *Miller,* I would reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 495 (1974) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia,* 418 U. S. 153 (1974), its dismissal is improper. As permitted by this Court's Rule 12 (1), which provides that the record in a case need not be certified to this Court, the appellants did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test.